THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JERRY LEE PARDIECK, SR., Defendant-Appellant.

Fifth District   No. 5—87—0718

Opinion filed May 23, 1990.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon,
and Lori L. Mosby, of State Appellate Defender's Office, of Springfield, for
appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle,
Stephen E. Norris, and Matthew E. Franklin, all of State's Attorneys Ap-
pellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

The circuit court gave an involuntary manslaughter jury instruc-
tion that was tendered by the defendant, who was on trial for the
murder of Gary Sloan.

The jury found defendant guilty of murder.

On appeal, defendant makes two claims: (1) that the involuntary manslaughter instructions misstated the burden of proof, relying on *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141; and (2) that when the court instructed the jury that they should consider the involuntary manslaughter instructions only if they found defendant "Not Guilty" of murder, the murder instruction, thereby, was improperly highlighted.

We affirm.

On March 5, 1987, the victim, Gary Sloan, beat defendant's father, putting him in the hospital. Defendant decided to beat Sloan.

When the two confronted each other, Sloan, according to defendant, pulled a knife. Defendant pulled a gun; it went off. Sloan died, shot five times in the head.

Defendant denied any intent to shoot or kill Sloan.

At the conference on jury instructions, defendant submitted Illinois Pattern Jury Instructions, Criminal, Nos. 7.07, 7.08 (2d ed. 1981), commonly called "Definition of Involuntary Manslaughter" and "Issues in Involuntary Manslaughter" instructions.

■■ ■ Defendant, relying on our supreme court's opinion in *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141, claims that the involuntary manslaughter instructions misallocated the burden of proof.

The *Reddick* court held erroneous the murder and manslaughter instructions given there, because

> "the voluntary manslaughter instruction in conjunction with the murder instruction fails to inform the jury that the State bears the burden of disproving the mitigating mental states necessary to reduce a murder charge to manslaughter. According to the *Reddick* court, such a combination of instructions, if followed by a jury, eliminates the possibility of a defendant being convicted of voluntary manslaughter since the only way a mitigating mental state can be proved is by the defendant, rather than by the State." *People v. Fercsi* (1989), 182 Ill. App. 3d 13, 15, 537 N.E.2d 912, 913.

We reject defendant's claim. The holding in *Reddick* does not apply to involuntary manslaughter instructions. *People v. Lucas* (1989), 132 Ill. 2d 399, 439-43, 548 N.E.2d 1003, 1020-21.

■■ Defendant lastly contends that the court erred in instructing the jury that they should consider the involuntary manslaughter instruction only if they signed the "Not Guilty" of murder verdict; defendant claims that this improperly highlighted the murder verdict. The defendant asked the circuit court to make this statement to the

jury. This court will not let a defendant create a condition and then claim error.

This issue is waived. See *People v. Enoch* (1988), 122 Ill. 2d 176, 190, 522 N.E.2d 1124, 1131-32.

The judgment of the circuit court is affirmed.

Affirmed.

RARICK and CHAPMAN, JJ., concur.